UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN FEDERATION OF TEACHERS**<br>555 New Jersey Ave. NW<br>Washington, D.C. 20001<br><br>          **Plaintiff,**<br><br>  v.<br><br>**THE HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI**<br>633 Spirit Dr.<br>Chesterfield, MO 63005<br><br>          **Defendant.** | Case No. 1:24-cv-2460-TSC |

## PARTIALLY ASSENTED TO MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 6(b), Defendant The Higher Education Loan Authority of the State of Missouri ("MOHELA") respectfully requests an extension of time to answer or otherwise respond to the Complaint until September 25, 2024.

As grounds for its motion, MOHELA states as follows:

1. On July 22, 2024, Plaintiff American Federation of Teachers ("AFT") sued MOHELA in the Superior Court for the District of Columbia. MOHELA received the complaint and summons on Thursday, July 25, 2024.

2. On August 26, 2024, MOHELA removed this action from the Superior Court to this Court. [ECF No. 1].

1

3. MOHELA did not answer the Complaint before removal. Accordingly, pursuant to Federal Rule of Civil Procedure 81(c)(2), MOHELA's current deadline to answer or otherwise respond to the Complaint is September 3, 2024.

4. MOHELA intends to file a motion to dismiss AFT's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). MOHELA understands that AFT intends to move to remand this action to the Superior Court. Under 28 U.S.C. § 1447(c), such a motion would be due September 25, 2024.

5. MOHELA requests an extension of time to answer or otherwise respond to the Complaint to September 25, 2024.

6. Good cause exists for the requested extension. First, the extension will provide MOHELA with sufficient time to investigate and analyze the many factual and legal issues presented by AFT's 50-page, 267-paragraph Complaint. Undersigned counsel was retained by MOHELA only on August 9, 2024, and the additional time will permit MOHELA to prepare an appropriate response to the Complaint. There are no previously-set deadlines in this proceeding that would be affected by the requested extension.

7. Second, the requested extension would permit MOHELA and AFT to brief their respective motions in parallel, and in turn permit the Court to decide both motions in an orderly, economical, and efficient manner. There will be substantial overlap between MOHELA's motion to dismiss and AFT's motion to remand. Specifically, in evaluating whether MOHELA properly removed this case under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), the Court will have to determine whether MOHELA's asserted federal defenses, including state sovereign immunity and preemption, are colorable. *See K&D LLC v. Trump Old Post Off. LLC*, 951 F.3d 503, 506 (D.C. Cir. 2020). MOHELA anticipates raising those same issues as grounds

for dismissal. Having the motion to dismiss and motion to remand briefed in parallel will promote judicial economy by allowing the Court, should it decide that MOHELA's defenses are colorable and that remand is unwarranted, to turn immediately to whether those same defenses are dispositive, rather than having to resolve the same issues in two opinions, written months apart.

8. Briefing the motion to dismiss and motion to remand in parallel will also be more efficient and economical for the parties. Because MOHELA intends to move to dismiss this case in all events, the parties will be briefing a motion to dismiss and motion to remand regardless of whether this case remains in this Court. Given the substantial overlap between the motions, parallel briefing will permit the parties to prepare their briefs more efficiently and cost-effectively than would briefing the same issues potentially many months apart.

9. Parallel briefing will also avoid needless delay in this case. If the Court decides—as MOHELA believes it should—that remand is unwarranted here, it will be able to turn immediately to whether the case should be dismissed, rather than having to wait months for the motion to dismiss to be fully briefed. Conversely, if the Court were to remand and the case were to proceed in Superior Court, that court would be in a position to decide the motion to dismiss far more quickly than if the briefing on that motion begins only after remand.

10. Given the interests of judicial economy served by briefing a motion to remand and motion to dismiss in parallel, courts in this district often consider such motions together. *E.g.*, *Baugh v. U.S. Capitol Police*, No. CV 22-139 (TJK), 2022 WL 2702325 (D.D.C. July 12, 2022) (upholding removal and granting dismissal); *Flavell v. Int'l Bank for Reconstruction & Dev.,* No. CV 20-623 (CKK), 2021 WL 1146301 (D.D.C. Mar. 25, 2021) (denying both motions); *Void-El v. O'Brien*, 811 F. Supp. 2d 255, 258 (D.D.C. 2011) (upholding removal and

granting dismissal); *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 63 (D.D.C. 2002) (denying both motions).

11. Pursuant to Local Civil Rule 7(m), counsel for MOHELA has consulted with counsel for AFT regarding the requested extension. Counsel for AFT have stated that they do not oppose MOHELA's request for an extension.

12. Counsel for AFT, however, has stated to MOHELA that "Plaintiff's position [is] that briefing on Defendant's forthcoming motion to dismiss should be held in abeyance until Plaintiff's forthcoming motion to remand is decided." MOHELA understands this to mean that AFT would favor extending MOHELA's responsive pleading deadline until some time after the Court decides the motion to remand. For the reasons stated in this motion, MOHELA opposes AFT's proposal regarding briefing the two motions.

**WHEREFORE**, MOHELA respectfully requests that the Court grant this motion, extend the deadline to answer or otherwise respond to the Complaint to September 25, 2024, and direct the parties to submit a proposed schedule for parallel briefing of the motion to dismiss and motion to remand.

Dated: August 30, 2024                    Respectfully submitted,

                                                      */s/* Daniel J. Feith
                                                      Daniel J. Feith (D.C. Bar No. 1028433)
                                                          (admitted *pro hac vice*)
                                                      Benjamin M. Mundel (D.C. Bar No. 1018114)
                                                      Brooke E. Boyd (D.C. Bar No. 1721284)
                                                      Jeremy D. Rozansky (D.C. Bar No. 90009027)
                                                          (admitted *pro hac vice*)
                                                     SIDLEY AUSTIN LLP
                                                     1501 K Street, N.W.
                                                     Washington, DC 20005
                                                     T: (202) 736-8000
                                                     F: (202) 736-8711
                                                     dfeith@sidley.com

                                                     *Counsel for MOHELA*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I caused the foregoing to be filed using the Court's CM/ECF system, which will send electronic notifications to all counsel of record. I also caused the following to be served by e-mail upon the following:

Shennan Kavanagh
Jennifer Wagner
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
skavanagh@nclc.org
jwagner@nclc.org

Alpha Taylor
NATIONAL CONSUMER LAW CENTER
1001 Connecticut Ave. NW
Washington, DC 20036
ataylor@nclc.org

Faith Gay
Lena Konanova
David A. Coon
Corey Stoughton
Adam Gould
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
fgay@selendygay.com
lkonanova@selendygay.com
cstoughton@selendygay.com
dcoon@selendygay.com
agould@selendygay.com

Persis Yu
STUDENT BORROWER PROTECTION CENTER
1025 Connecticut Ave NW, #717
Washington, DC 20036
persis@protectborrowers.org

R. T. Winston Berkman-Breen
Khandice Lofton
STUDENT BORROWER PROTECTION CENTER
40 Rector Street, 9th Floor
New York, NY 10006
winston@protectborrowers.org
khandice@protectborrowers.org