UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN FEDERATION OF TEACHERS**,<br>555 New Jersey Ave. NW<br>Washington, D.C. 20001<br><br>   Plaintiff,<br><br>   v.<br><br>**THE HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI**,<br>633 Spirit Dr.<br>Chesterfield, MO 63005<br><br>   Defendant. | Case No. 1:24-cv-2460-TSC |

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PROPOSED BRIEFING SCHEDULE

Pursuant to Local Civil Rule 7(b), Plaintiff American Federation of Teachers ("AFT") respectfully submits its partial opposition to the motion by Defendant the Higher Education Loan Authority of the State of Missouri ("MOHELA") for an extension of time to respond to AFT's complaint, ECF No. 10 (the "Motion"). While AFT does not oppose MOHELA's request for an extension of time to answer or otherwise respond to the complaint, AFT respectfully submits that briefing and decision on MOHELA's forthcoming motion to dismiss should be stayed until after the Court resolves the jurisdictional issues raised in AFT's forthcoming motion to remand this action to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1447(c), which motion AFT intends to file no later than September 25, 2024. A proposed order is attached hereto as **Exhibit A**.

1. On July 22, 2024, AFT filed a complaint against MOHELA in the Superior Court for the District of Columbia bringing claims under the District of Columbia Consumer Protection

Procedures Act, D.C. Code § 28-3901, *et seq.* ("DCCPPA"), on behalf of itself, its members, and the general public (the "Complaint"). *See* ECF No. 1-2 at 4–52. AFT effected service of the Complaint on MOHELA on July 25, 2024. *See* Motion ¶ 1.

2. MOHELA's notice of removal of this action from the Superior Court for the District of Columbia was filed with this Court on August 26, 2024. ECF No. 1. MOHELA's notice of removal asserts that subject matter jurisdiction is proper in this Court on the grounds of federal officer removal under 28 U.S.C. § 1442(a)(1), and federal question jurisdiction under 28 U.S.C. § 1441(a). *Id.* Pursuant to Federal Rule of Civil Procedure 81(c)(2), MOHELA's current deadline to answer or otherwise respond to the Complaint is September 3, 2024. *See* Motion ¶ 3.

3. MOHELA represents that it intends to file a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Motion ¶ 4. As AFT has informed MOHELA, *see id.*, no later than September 25, 2024, AFT intends to file a motion to remand this action to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1447(c), on the grounds that this Court lacks subject matter jurisdiction because there is no valid basis for federal officer removal under 28 U.S.C. § 1442(a)(1) or federal question jurisdiction under 28 U.S.C. § 1441(a).

4. MOHELA's Motion: (1) requests an extension of time to answer or otherwise respond to the Complaint to September 25, 2024, and (2) asks this Court to "direct the parties to submit a proposed schedule for parallel briefing of the motion to dismiss and motion to remand." Motion at 4. AFT does not oppose MOHELA's request for a reasonable extension of time to answer or otherwise respond to the Complaint. But AFT opposes MOHELA's request for parallel briefing of AFT's motion to remand and MOHELA's motion to dismiss, because parallel briefing would undermine judicial economy and drain the Court's and the parties' time and resources.

Instead, briefing on MOHELA's intended motion to dismiss should be stayed until after resolution of AFT's motion to remand, in accordance with the common practice of courts in this District.

5.  Staying briefing of MOHELA's motion to dismiss until after resolution of AFT's motion to remand is essential to promote judicial economy and efficiency. Article III of the Constitution does not permit a federal court to rule on merits issues before determining it has subject matter jurisdiction over an action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998); *see also Van Allen v. Bell Atlantic-Washington, D.C., Inc.*, 921 F. Supp. 830, 831 (D.D.C. 1996) (refusing to consider motion to dismiss where court granted plaintiff's motion to remand). If AFT's motion for remand is granted because this Court determines it lacks subject matter jurisdiction over the action, any pending motion to dismiss would be moot.

6.  For this reason, courts in this district routinely stay briefing on a defendant's motion to dismiss pending resolution of a plaintiff's motion to remand. *E.g.*, *Lambert v. Int'l Union of Bricklayers and Allied Craftworkers*, No. CV 23-309 (CKK), 2023 WL 6388953, at *5 (D.D.C. Sept. 29, 2023) (court "vacated the briefing schedule and held in abeyance the Motion to Dismiss pending the resolution of Plaintiff's Motion to Remand"); *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 56 (D.D.C. 2017) (court "stayed briefing on Defendant's Motion to Dismiss pending the resolution of Plaintiff's Motion to Remand"); *Washington Consulting Grp., Inc. v. Raytheon Tech. Servs. Co., LLC*, 760 F. Supp. 2d 94, 96 (D.D.C. 2011) (same).[1]

7.  While MOHELA suggests that the parties will benefit from parallel briefing because "the parties will be briefing a motion to dismiss … regardless of whether this case remains in this Court," Motion ¶ 8, that is incorrect. Any motion to dismiss in D.C. Superior Court would

---

[1] MOHELA's cited cases (Motion ¶ 10) that considered motions to dismiss and motions to remand in parallel are inapposite. None of those cases addressed a party's request to stay briefing on a motion to dismiss pending resolution of a motion to remand, as AFT requests herein.

undoubtedly—at minimum—rely on different caselaw authorities than the authorities relied upon in the moot federal court briefing. *See, e.g.*, *Toler v. United States*, 198 A.3d 767, 773 (D.C. 2018) (observing that the District's high court "is not bound by federal courts interpreting federal law") (internal citation omitted); *United States v. Simmons*, 302 A.2d 728, 732 (D.C. 1973) ("[W]e are obliged to exercise our best independent judgment, and the fact that a constitutional issue is presented does not compel us to give greater weight to the circuit court's opinion."). It would be inefficient—and far more costly—for the parties to brief a motion to dismiss in this Court only for the action to be remanded, requiring the parties to rewrite that briefing on a motion to dismiss in Superior Court.

8. While MOHELA also briefly asserts purported concerns about delay, Motion ¶ 9, it does not substantiate them. Nor could it. MOHELA is the one who removed the case instead of moving to dismiss in the Superior Court. And it cites no support for the proposition that parties and the Court should expend additional resources on briefing that may or may not be considered—all for the sake of speed. Moreover, as AFT has already informed MOHELA, it is amenable to reaching a mutually agreeable motion to dismiss briefing schedule to propose to the court that will ultimately be presiding over the case. In any event, MOHELA's speculative concerns about delay cannot outweigh the real financial costs AFT would incur by having to brief a motion to dismiss in federal court only to have to rewrite that motion in Superior Court, if this Court remands the case.

9. Accordingly, to promote judicial economy and avoid unnecessary waste of the Court's and parties' resources, AFT respectfully requests that the Court enter the proposed order attached hereto as **Exhibit A**, and order that briefing on any motion to dismiss by MOHELA shall be stayed until after a decision on AFT's forthcoming motion to remand.

Dated: September 3, 2024                    Respectfully submitted,

/s/ *R.T. Winston Berkman-Breen*

Shennan Kavanagh* (BBO #655174)             R. T. Winston Berkman-Breen
Jennifer Wagner* (WVSB #10639)              (NY Bar # 5559372)
National Consumer Law Center                Khandice Lofton* (OH Bar # 101015)
7 Winthrop Square, 4th Floor                Student Borrower Protection Center (a fiscally
Boston, MA 02110                            sponsored project of the Shared Ascent Fund)
617.542.8010                                40 Rector Street, 9th Floor
skavanagh@nclc.org                          New York, NY 10006
jwagner@nclc.org                            winston@protectborrowers.org
                                            khandice@protectborrowers.org

Alpha Taylor* (DC Bar #252602)
National Consumer Law Center                Persis Yu (DC Bar # 90014714)
1001 Connecticut Ave., NW                   Student Borrower Protection Center (a fiscally
Washington, DC 20036                        sponsored project of the Shared Ascent Fund)
202.452.6252                                1025 Connecticut Ave NW, #717
ataylor@nclc.org                            Washington, D.C. 20036
                                            (202) 618-1328
                                            persis@protectborrowers.org

                                            Faith Gay* (NY Bar # 2117117)
                                            Lena Konanova* (NY Bar # 4758942)
                                            David A. Coon* (NY Bar # 5538020)
                                            Corey Stoughton* (DC Bar # 472867)
                                            Selendy Gay PLLC
                                            1290 Avenue of the Americas
                                            New York, NY 10104
                                            (212) 390-9000
                                            fgay@selendygay.com
                                            lkonanova@selendygay.com
                                            cstoughton@selendygay.com
                                            dcoon@selendygay.com


                                            * Application for admission *pro hac vice* forthcoming

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 3, 2024, I caused the foregoing to be filed using the Court's CM/ECF system, which will send electronic notifications to all counsel of record:

Daniel J. Feith
Benjamin M. Mundel
Brooke E. Boyd
Jeremy D. Rozansky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
dfeith@sidley.com
bmundel@sidley.com
brooke.boyd@sidley.com
jrozansky@sidley.com
Counsel for MOHELA