# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS,<br><br>*Plaintiff*,<br><br>v.<br><br>THE HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI,<br><br>*Defendant*. | Civil Action No. 24-cv-02460 |

**BRIEF OF THE STATE OF MISSOURI AS AMICUS CURIAE
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

ANDREW BAILEY
  *Attorney General of Missouri*

JOSHUA M. DIVINE
  *Solicitor General*
REED C. DEMPSEY
  *Deputy Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building
207 West High Street
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
Josh.divine@ago.mo.gov

*Counsel of Amicus Curiae State of Missouri*

September 26, 2024

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTEREST OF THE AMICUS CURIAE AND INTRODUCTION ...................................... 1

ARGUMENT .......................................................................................................................... 2

    I.    MOHELA is an Instrumentality of Missouri. .............................................. 2

    II.    MOHELA is Entitled to Eleventh Amendment Sovereign Immunity ....................... 4

        A.  Missouri intended for MOHELA to be entitled to sovereign immunity. ............. 4

        B.  MOHELA is subject to Missouri's supervision and control. ............................... 7

        C.  MOHELA has a significant impact on the State's Treasury. ............................. 7

CONCLUSION ....................................................................................................................... 9

CERTIFICATE OF SERVICE ................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases** Page(s)

*Alfred L. Snapp & Son, Inc. v. Puerto Rico*,
  458 U.S. 592 (1982) ............................................................................................................. 7

*Biden v. Nebraska*,
  143 S. Ct. 2355 (2023) ........................................................................................ 1, 2, 3, 6, 7, 8

*Cas. Reciprocal Exch. v. Missouri Emps. Mut. Ins. Co.*,
  956 S.W.2d 249 (Mo. 1997) ............................................................................................. 3, 7

*Dep't of Transp. v. Ass'n of Am. Railroads*,
  575 U.S. 43 (2015) ............................................................................................................... 2

*Franchise Tax Bd. of California v. Alcan Aluminium Ltd.*,
  493 U.S. 331 (1990) ............................................................................................................. 6

*Good v. United States Dep't of Educ.*,
  No. 21-CV-2539-JAR-ADM, 2022 WL 2191758 (D. Kan. June 16, 2022) ........................ 4

*Gowens v. Capella Univ., Inc.*,
  No. 4:19-CV-362-CLM, 2020 WL 10180669 (N.D. Ala. June 1, 2020) ............................. 4

*Hammons v. Univ. of Maryland Med. Sys. Corp.*,
  551 F. Supp. 3d 567 (D. Md. 2021) ..................................................................................... 6

*Hess v. Port Auth. Trans–Hudson Corp.*,
  513 U.S. 30 (1994) ............................................................................................................... 7

*Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*,
  440 U.S. 391 (1979) ............................................................................................................. 6

*Lebron v. Nat'l R.R. Passenger Corp.*,
  513 U.S. 374 (1995) ............................................................................................................. 2

*Morris v. Washington Metro. Area Transit Auth.*,
  781 F.2d 218 (D.C. Cir. 1986) ..................................................................................... 5, 6, 7

*Puerto Rico Ports Auth. v. Fed. Mar. Comm'n*,
  531 F.3d 868 (D.C. Cir. 2008) .................................................................................... 4, 5, 6, 7

*Smith v. Univ. of Fla. Jacksonville Physicians, Inc.*,
  No. 3:17-CV-519-J-39MCR, 2018 WL 1866096 (M.D. Fla. Mar. 1, 2018) ....................... 6

*Walker v. Higher Educ. Loan Auth. of the State of Missouri*,
  No. 1:21-CV-00879-KES-SAB, 2024 WL 3568576 (E.D. Cal. July 26, 2024) ......................... 4

**Statutes**

D.C. Code § 28-3901 ................................................................................................................... 1

Mo. Rev. Stat. § 173.360 .......................................................................................................... 1, 2

Mo. Rev. Stat. § 173.385.2 ........................................................................................................... 3

Mo. Rev. Stat. § 173.392.2 ....................................................................................................... 3, 8

Mo. Rev. Stat. § 176.360 .......................................................................................................... 5, 7

**Rules**

Federal Rule of Civil Procedure 5(b) ......................................................................................... 10

## INTEREST OF THE AMICUS CURIAE AND INTRODUCTION

The State of Missouri, by and through its Attorney General, submits this brief as *amicus curiae* in support of Defendant MOHELA's Motion to Dismiss based on Eleventh Amendment sovereign immunity.

Missouri has a strong interest in the outcome of this litigation because "[b]y law and function, [Defendant] MOHELA is an instrumentality of Missouri." *Biden v. Nebraska*, 143 S. Ct. 2355, 2366 (2023). As such, any "harm to MOHELA is also a harm to Missouri." *Id.* (quoting Mo. Rev. Stat. § 173.360). Missouri's strong interest extends to the preservation of Eleventh Amendment sovereign immunity where the state or its instrumentalities face litigation by citizens of another State in Federal Court.

Here, Plaintiff American Federation of Teachers alleges "thousands" of violations of the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.*, and asks the Court to grant "treble damages, or $1,500 per violation, whichever is greater" and additional punitive damages. Because MOHELA is an instrumentality of Missouri, any damage award against MOHELA necessarily imposes financial harm against the State.

# ARGUMENT

## I. MOHELA is an Instrumentality of Missouri.

"By law and function, MOHELA is an instrumentality of Missouri." *Biden v. Nebraska*, 143 S. Ct. at 2366. The Supreme Court's holding was clear. Indeed, every court to evaluate the question has reached the same conclusion. *See* TRO order, *Missouri v. Dep't of Educ.*, No. 2:24-cv-103, ECF 17 at 3 (S.D. Ga., Sept. 5, 2024); Memorandum and Order, *Missouri v. Biden*, No. 4:24-cv-520, ECF 17 at 13 (E.D. Mo., June 24, 2024); Injunction Pending Appeal Order, *Missouri v. Biden*; No. 24-2332 & 24-2351, ID No. 5422990 at 4 (8th Cir., Aug. 9, 2024).

"Government-created and -controlled corporations are" often "part of the Government itself." *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 397 (1995). Such corporations exist when the Government (1) "creates [the] corporation by special law," (2) "for the furtherance of governmental objectives," and (3) "retains for itself permanent authority to appoint a majority of the directors." *Id*. at 399. "[T]he practical reality of [government] control and supervision prevails" over corporate labels. *Dep't of Transp. v. Ass'n of Am. Railroads*, 575 U.S. 43, 55 (2015).

Applying those factors, MOHELA is an arm of Missouri's government. First, the legislature created MOHELA by special law. Mo. Rev. Stat. § 173.360. Second, Missouri declares that "the exercise by [MOHELA] of the powers conferred" on it, which include ensuring access to loans for Missouri students, is "the performance of an essential public function." *Id*. Third, the governor appoints five of MOHELA's seven members; the remaining two are officials of other state entities; and all seven are "remov[able] by the governor." *Id*.

Other considerations underscore Missouri's control over MOHELA. The State established MOHELA's powers, *see id*. § 173.385, and in doing so controls MOHELA by limiting it to only those powers. Missouri also "assigned" MOHELA to its Department of Higher Education and

2

Workforce Development and requires annual reports of MOHELA's finances. *Id.* § 173.445. Additionally, the State preserved its authority "over assets of" MOHELA, *id.* § 173.420, and may "abolish" MOHELA in the State's discretion, *see Cas. Reciprocal Exch. v. Missouri Emps. Mut. Ins. Co.*, 956 S.W.2d 249, 255 (Mo. 1997) (en banc).

Additionally, MOHELA transfers money to Missouri, through the State Treasury, in two significant ways. First, MOHELA has given $245 million—and still owes $105 million—to the State's Lewis and Clark Discovery (LCD) Fund, see MOHELA FY 2023 Financial Statement at 20–21;[1] Mo. Rev. Stat. § 173.385.2, which supports "capital projects" at Missouri's "public colleges and universities," Mo. Rev. Stat. § 173.392.2. Second, Missouri has authorized MOHELA to provide student financial aid, *id.* § 173.385.1(19), and MOHELA has done so by contributing, at the governor's request, nearly $100 million over the last 14 years to the State's scholarship and grant programs; 2021-1 Offering Memorandum at 58;[2] Missouri Dep't of Higher Educ. and Workforce Development, Grants and Scholarships.[3] Any award of damages against MOHELA would imperil its ability to transfer this money to the State Treasury.

In light of the above, the Supreme Court concluded that MOHELA "was created by the State to further a public purpose, is governed by state officials and state appointees, reports to the State, and may be dissolved by the State." *Biden v. Nebraska*, 143 S. Ct. at 2366. Indeed, any "harm to MOHELA in the performance of its public function is necessarily a direct injury to Missouri itself." *Id*. This Court is bound by that ruling.

---

[1] https://www.mohela.com/DL/common/publicinfo/financialStatements.aspx
[2] https://sofi.mohela.com/DL/common/publicInfo/investorInformation.aspx
[3] https://dhewd.mo.gov/ppc/grants-scholarships

## II. MOHELA is Entitled to Eleventh Amendment Sovereign Immunity.

As an instrumentality of Missouri, MOHELA is entitled to sovereign immunity against AFT's claims. Several district courts have already concluded as much. *See, e.g.*, *Good v. United States Dep't of Educ.*, No. 21-CV-2539-JAR-ADM, 2022 WL 2191758, at *5 (D. Kan. June 16, 2022); *Gowens v. Capella Univ., Inc.*, No. 4:19-CV-362-CLM, 2020 WL 10180669, at *4 (N.D. Ala. June 1, 2020).

Under D.C. Circuit precedent, an inquiry into whether a state instrumentality is entitled to sovereign immunity under the Eleventh Amendment "requires examination of three factors: (1) the State's intent as to the status of the entity, including the functions performed by the entity; (2) the State's control over the entity; and (3) the entity's overall effects on the state treasury." *Puerto Rico Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 873 (D.C. Cir. 2008). Each factor supports a finding that MOHELA is entitled to sovereign immunity under the Eleventh Amendment.

### A. Missouri intended for MOHELA to be entitled to sovereign immunity.

Missouri's intent as to the status of MOHELA, including its functions, was to entitle MOHELA to sovereign immunity under the Eleventh Amendment. The first factor considers four sub-elements: whether (a) state law "expressly characterizes [MOHELA] as a governmental instrumentality rather than as a local governmental or non-governmental entity;" (b) "whether [MOHELA] performs state governmental functions;" (c) "whether [MOHELA] is treated as a governmental instrumentality for purposes of other [Missouri] laws;" and (d) "[Missouri]'s representations in this case about [MOHELA]'s status." *Puerto Rico Ports*, 531 F.3d at 874 (citations omitted). Each of these elements supports a finding that Missouri had, and maintains, an intent that MOHELA would operate as an instrumentality of the State and have Eleventh Amendment sovereign immunity from suit.

**1.** MOHELA's enabling statute named the entity the "Higher Education Loan Authority *of the State of Missouri*" and described the same as a "public instrumentality and body corporate" of Missouri. Mo. Rev. Stat. § 176.360 (emphasis added).  Express, statutory characterization as an instrumentality of the State "strongly suggests that [MOHELA] is an arm of the [State] entitled to sovereign immunity." *Puerto Rico Ports*, 531 F.3d at 874 (citing *Morris v. Washington Metro. Area Transit Auth.,* 781 F.2d 218, 225 (D.C. Cir. 1986)).

**2.** MOHELA's enabling statute explains the purpose of MOHELA as enabling "that all eligible postsecondary education students have access to student loans that are guaranteed or insured, or both," supporting  "the efforts of public colleges and universities to create and fund capital projects," and supporting "the Missouri technology corporation's ability to work with colleges and universities in identifying opportunities for commercializing technologies, transferring technologies, and to develop, recruit, and retain entities engaged in innovative technologies."   Mo. Rev. Stat. § 176.360.   These are functions "typically performed by state governments as opposed to functions performed by local governments or non-governmental entities." *Puerto Rico Ports*, 531 F.3d at 875.  The statute further that "exercise by [MOHELA] of the powers conferred in [the enabling statute] shall be deemed to be the performance of *an essential public function*." *Id.* (emphasis added).

**3.** MOHELA is treated as a government instrumentality for purposes of other Missouri laws.  Specifically, MOHELA is a "governmental body" for purposes of Missouri's "Sunshine Law," Mo. Rev. Stat. Ch. 610, with a responsibility of furnishing documents in response to requests thereunder.  Courts have recognized legal obligations to open-records or sunshine laws as indicia of treatment as an instrumentality.  *See Hammons v. Univ. of Maryland Med. Sys. Corp.*, 551 F. Supp. 3d 567, 587 (D. Md. 2021); *Smith v. Univ. of Fla. Jacksonville Physicians, Inc.*, No.

3:17-CV-519-J-39MCR, 2018 WL 1866096, at *3 (M.D. Fla. Mar. 1, 2018). Indeed, the State has relied upon this measure to collect materials necessary for its litigation against the Federal Government's three Mass Cancellation Plans over the last two years.

**4.** Finally, Missouri fully supports the conclusion that MOHELA is an arm of the State entitled to sovereign immunity. Indeed, the State raised this same point in *Biden v. Nebraska*, arguing that "MOHELA qualifies as a 'public entity' entitled to sovereign immunity from tort claims under state law." Brief for the Respondents at 32, No. 22-506 (Jan. 27, 2023) (citations omitted). MOHELA's exercise of its powers, including its higher education loan servicing activities and financial support for grants and scholarships for students, constitutes the exercise of a State essential public governmental function.

The Supreme Court and D.C. Circuit have each previously relied upon the positions presented in States' *amici curiae* filing as indicia of whether an instrumentality is afforded sovereign immunity under the Eleventh Amendment. *See Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*, 440 U.S. 391, 401 (1979); *Morris v. Washington Metro. Area Transit Auth.*, 781 F.2d 218, 225 (D.C. Cir. 1986); *Puerto Rico Ports*, 531 F.3d at 876. Missouri created MOHELA, selects its members, tasked it with performing essential functions for the State, and directed it to return funds to the State. This case is thus akin to an entity challenging financial harm inflicted on a corporation that it controls and receives money from, which satisfies Article III. *See Franchise Tax Bd. of California v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336 (1990). Missouri's relationship is not comparable to a bank's relationship with its borrowers. At minimum, Missouri has a quasi-sovereign interest in ensuring that Missouri students and universities have adequate funding for education. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607 (1982) (State has "quasi-sovereign interest" in the "well-being—both physical

and economic—of its residents"). The State now files this *amicus curiae* brief contemporaneously with Defendant's Motion to Dismiss to reiterate its position.

### B.  MOHELA is subject to Missouri's supervision and control.

The Supreme Court found last year that MOHELA "is subject to the State's supervision and control." *Biden v. Nebraska*, 143 S. Ct. at 2366. The primary consideration for the second factor is "how the directors and officers of [MOHELA] are appointed." *Puerto Rico Ports*, 531 F.3d at 877; *see also Morris, 781 F.2d at 227* (stating the degree of control State exercises over entity is "significant consideration" in immunity analysis). This factor weighs heavily in favor of finding MOHELA an arm of Missouri. Several provisions of the enabling statute underscore this conclusion: MOHELA is governed by a Board consisting of seven directors, "five of whom shall be appointed by the governor by and with the advice and consent of the senate," Mo. Rev. Stat. § 176.360; the Governor can remove any member for cause, *id.*; MOHELA must provide annual financial reports to the Missouri Department of Education, detailing its income, expenditures, and debts, *id.* § 173.445; and the State "can abolish [MOHELA] and set the terms of its dissolution." *Casualty Reciprocal Exchange v. Missouri Employers Mut. Ins*. Co., 956 S.W.2d 249, 254–55 (Mo. 1997).

### C.  MOHELA has a significant impact on the State's Treasury.

The third factor is concerned with "whether the State[] structured the entity to enable it to enjoy the special constitutional protection of the State[] themselves." *Puerto Rico Ports*, 531 F.3d at 878 (internal quotations omitted) (citing *Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30, 32–34 (1994)). The Court "must consider the entity's overall effects on the state treasury."

For almost every year since 2009, the State General Assembly has appropriated MOHELA funds, totaling nearly $100 million, as line items in the State's budget for scholarships and grants

for Missouri students. In the last fiscal year before *Biden v. Nebraska* was decided, MOHELA earned $88.9 million—roughly 77.5 percent of its operating revenue—from servicing 5.2 million Direct Loan accounts. MOHELA FY 2022 Financial Statement at 4, 23, https://perma.cc/2F8G-WWWV (MOHELA Financial Statement). This revenue depends on how many accounts MOHELA services—*i.e.*, the more accounts, the more it earns. MOHELA transfers money to Missouri. MOHELA transferred $245 million to the Missouri Treasury for the State's LCD Fund for capital projects for public colleges and universities, and nearly $100 million contributed to the State's scholarship and grant programs over the last 17 years. Additionally, by statute, MOHELA still owes $105 million for additional capital projects at Missouri's public colleges and universities. Mo. Rev. Stat. § 173.392.

That the State Treasurer might not be directly liable for paying any judgment against MOHELA and in favor of Plaintiff is not significant, because Plaintiff's Complaint poses a severe risk to the State's economic and policy interests. As the Supreme Court readily concluded last year, any "harm to MOHELA in the performance of its public function is necessarily a direct injury to Missouri itself." *Biden v. Nebraska*, 143 S. Ct. at 2366. That conclusion is supported by the hundreds of millions MOHELA transferred to the Missouri Treasury for the State's LCD Fund and to the State's scholarship and grant programs. Absent such inflows from its instrumentality, the State would have been required to earmark and expend equivalent funds from its Treasury. The availability of MOHELA's net revenues for use by the State benefits the State by enabling it to draw on funds that would not otherwise be available for State uses and by freeing up other State funds for other public programs. A damages award against MOHELA would imperil its ability to uphold the instrumentalities ability to further disburse funds into the State Treasury.

## CONCLUSION

For the foregoing reasons, *amicus curiae* State of Missouri respectfully requests this Court grant Plaintiff MOHELA's Motion to Dismiss on the grounds that MOHELA is an instrumentality of the State of Missouri and entitled to sovereign immunity from suit under the Eleventh Amendment.

Date: September 26, 2024                                  Respectfully submitted,

                                                        ANDREW BAILEY
                                                       Attorney General of Missouri

                                                       /s/ *Joshua M. Divine*
                                                       JOSHUA M. DIVINE, #69875MO
                                                         *Solicitor General*

                                                       REED C. DEMPSEY, #1697941DC
                                                         *Deputy Solicitor General*

                                                       OFFICE OF THE ATTORNEY GENERAL
                                                       Supreme Court Building
                                                       207 West High Street
                                                       P.O. Box 899
                                                       Jefferson City, Missouri 65102
                                                       Tel. (573) 751-1800
                                                       Fax (573) 751-0774
                                                       josh.divine@ago.mo.gov
                                                       reed.dempsey@ago.mo.gov

                                                       *Counsel for amici curiae State of Missouri*

## CERTIFICATE OF SERVICE

I certify that on September 26, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with Federal Rule of Civil Procedure 5(b).

/s/ *Joshua M. Divine*
Counsel for *amici curiae* State of Missouri