IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS,<br><br>                Plaintiff,<br><br>   v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI,<br><br>                Defendant. | Case No. 1:24-cv-2460-TSC<br><br>Judge Tanya S. Chutkan |

**STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA**

The United States of America respectfully submits this statement pursuant to 28 U.S.C. § 517, which authorizes the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." The Department of Education ("Education") has an interest in being heard should the Court need to decide the merits of the rights or obligations in or related to Education's contracts with Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA").

In this case, Plaintiff American Federation of Teachers ("AFT") filed a complaint in the Superior Court of the District of Columbia ("D.C. Superior Court") alleging that MOHELA violated D.C. consumer protection laws in servicing student loans under federal contracts. MOHELA removed the case to this Court under 28 U.S.C. §§ 1441(a) (federal question jurisdiction) and 1442(a)(1) (federal officer removal) and AFT has moved to remand the case to D.C. Superior Court. In both the Notice of Removal and in Defendant's Opposition to Remand,

MOHELA acknowledges that it has two loan servicing contracts with Education, a Direct Loan servicing contract and a Unified Servicing and Data Solution contract ("Education-MOHELA Contracts").  Docket No. 1 ¶ 10; Docket No. 37 at 12–15.

MOHELA has also filed a motion to dismiss the complaint.  This Court has stayed briefing and proceedings on that motion to dismiss pending a determination of the motion to remand.

At this stage of the case, the sole issue before the Court is whether the case should be remanded to the D.C. Superior Court.  To remove a case under section 1442(a)(1), a defendant must show that it possesses a colorable federal defense.  *K&D LLC v. Trump Old Post Off. LLC*, 951 F.3d 503, 506 (D.C. Cir. 2020).  Here, MOHELA argues that it has a colorable federal defense of sovereign immunity.  Docket No. 37 at 29–43.  This issue is distinct from the parties' dispute as to whether the case is subject to removal based on the presence of a federal question.  AFT argues that MOHELA does not qualify for sovereign immunity for its performance of its loan servicing contracts with Education, at least in part because MOHELA waived a sovereign immunity defense in the Education-MOHELA Contracts.  Docket No. 27 at 24–37.  The United States has an interest in the question of what rights MOHELA holds under the Education-MOHELA Contracts and what rights it waived under those contracts.  For purposes of resolving issues under the federal officer removal statute, the Court need only consider whether, as a matter of law, sovereign immunity is a colorable federal defense to the allegations raised in the complaint.  It need not determine whether MOHELA can ultimately prevail on this defense in light of AFT's waiver arguments.  *See K&D*, 951 F.3d at 506–07 ("[W]e take no position on the merits of [Defendant's] defense.  We need only conclude that . . . the defense is 'colorable.'"

- 3 -

(quoting *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431–32 (1999))). Accordingly, the United States does not seek to be heard at this time on the question of MOHELA's immunity defense.

However, the United States wishes to preserve its right pursuant to 28 U.S.C. § 517 to be heard in the event the Court were to consider the applicability of a sovereign immunity defense on the merits. Accordingly, in the event the Court were to determine that it needs to reach that issue in addressing AFT's motion to remand, we request that, prior to rendering such a decision, it require the parties to provide notice to the United States through counsel and that the Court allow the United States reasonable time to consider whether its interests warrant appearing in the case.

DATED: November 25, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

/s/ Stanton C. McManus
KIRK T. MANHARDT
MARC S. SACKS
STANTON C. McMANUS
U.S. Department of Justice–Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
Email: stanton.c.mcmanus@usdoj.gov
Telephone:   (202) 307-5832
Facsimile:   (202) 514-9163

*Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this day, November 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record.

                                                /s/ Stanton C. McManus
                                                  Stanton C. McManus