UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS,<br><br>Plaintiff,<br><br>v.<br><br>THE HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI,<br><br>Defendant. | Case No. 1:24-cv-2460-TSC<br>Judge Tanya S. Chutkan |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff American Federation of Teachers ("AFT") respectfully submits the attached opinion of the United States Court of Appeals for the District of Columbia Circuit in *Jenkins v. Howard University*, 2024 WL 5176645 (D.C. Cir. Dec. 20, 2024), as supplemental authority in further support of AFT's Motion to Remand, ECF No. 27.

In *Jenkins*, a group of Howard University alumni (the "Alumni") sued the University and its Board of Trustees (collectively, "Howard") in District of Columbia Superior Court, bringing claims seeking a declaration that the Board acted *ultra vires* in amending its bylaws to remove certain trustee positions and for breach of fiduciary duty. *See* 2024 WL 5176645 at *1–2.

Howard removed the suit to the United States District Court for the District of Columbia, arguing that the "dispute hinged" on the congressional charter establishing Howard University, which "vested Howard's governance in a board of trustees." *Id.* at *1 (cleaned up). Thus, according to Howard, the case presented a "federal question under 28 U.S.C. § 1331 because," in relevant part, the suit "implicate[d] significant federal issues" under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). *See Jenkins*, 2024 WL 5176645, at *2.

The Alumni moved to remand the case to the Superior Court, but the district court denied their motion and agreed with Howard that the Alumni's complaint "necessarily raised a disputed, substantial federal issue that it could resolve without disrupting the federal-state balance" because "evaluating whether the Board's actions were *ultra vires* required reference to the federal charter establishing the Board and entrust[ing] it with authority to govern." *See id.*

The D.C. Circuit reversed. In doing so, it stressed that jurisdictional statutes should be construed "narrowly," given "'the need to give due regard to the rightful independence of state governments—and more particularly, the power of the States to provide for the determination of controversies in their courts.'" *Id.* at *3 (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 389 (2016)).

Turning to the merits of the appeal, the D.C. Circuit emphasized that the Alumni's claims did not dispute the authority granted to the Board under the congressional charter; instead, the "scope of the Board's authority under the charter" was "implicated only because Howard argued before the District Court that the Alumni's interpretation of the bylaws was inconsistent with the broad discretion the charter grants the Board." *Id.* at *5 (internal quotations and citation omitted). Although Howard could invoke the conflict between the bylaws and the charter to "defend against" the breach of fiduciary duty claim, "invoking federal law in a defense does not create federal jurisdiction." *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."))

The D.C. Circuit further explained that "federal jurisdiction is disfavored in disputes raising fact-bound and situation specific questions but favored in cases presenting nearly pure issues

2

of law." *Id.* at *5 (cleaned up). The Alumni's breach of fiduciary duty claim was "riddled with fact-bound questions about how the Board's conduct stacked up against the bylaws," but did "not turn at all, much less almost entirely, on the charter's interpretation," counseling against federal jurisdiction. *Id.* (cleaned up). Accordingly, the D.C. Circuit ruled that the district court lacked jurisdiction over the suit. *Id.* at *6

*Jenkins* supports remand in this case, because MOHELA's "invo[cation] [of] federal law in a defense does not create federal jurisdiction." 2024 WL 5176645, at *5; *contra* Opposition to Remand, ECF No. 37, at 39–40. *Jenkins* supports remand for the additional reason that AFT's claims raise "fact-bound and situation-specific" questions concerning MOHELA's pervasive misconduct and the harm it inflicted upon borrowers, not "nearly pure issues of law," meaning that federal jurisdiction is "disfavored." 2024 WL 5176645, at *5; *see, e.g.*, Compl. ¶¶ 69–204.

Dated: January 2, 2025

Respectfully submitted,

 /s/ Faith Gay 

| | |
|---|---|
| Shennan Kavanagh (BBO #655174) | Faith Gay (NY Bar # 2117117) |
| Jennifer Wagner (WVSB #10639) | Lena Konanova (NY Bar # 4758942) |
| National Consumer Law Center | David A. Coon (NY Bar # 5538020) |
| 7 Winthrop Square, 4th Floor | Corey Stoughton (DC Bar # 472867) |
| Boston, MA 02110 | Selendy Gay PLLC |
| 617.542.8010 | 1290 Avenue of the Americas |
| skavanagh@nclc.org | New York, NY 10104 |
| jwagner@nclc.org | (212) 390-9000 |
| | fgay@selendygay.com |
| Alpha Taylor (DC Bar #252602) | lkonanova@selendygay.com |
| National Consumer Law Center | dcoon@selendygay.com |
| 1001 Connecticut Ave., NW | cstoughton@selendygay.com |
| Washington, D.C. 20036 | |
| 202.452.6252 | Persis Yu (DC Bar # 90014714) |
| ataylor@nclc.org | Student Borrower Protection Center (a fiscally sponsored project of the Shared Ascent Fund) |
| | 1025 Connecticut Ave NW, #717 |
| | Washington, D.C. 20036 |
| | (202) 618-1328 |
| | persis@protectborrowers.org |
| | |
| | R. T. Winston Berkman-Breen |
| | (NY Bar # 5559372) |
| | Khandice Lofton (OH Bar # 101015) |
| | Student Borrower Protection Center (a fiscally sponsored project of the Shared Ascent Fund) |
| | 40 Rector Street, 9th Floor |
| | New York, NY 10006 |
| | winston@protectborrowers.org |
| | khandice@protectborrowers.org |

*Counsel for Plaintiff American Federation of Teachers*